

# STATE OF ALABAMA
## OFFICE OF THE ATTORNEY GENERAL

STEVE MARSHALL
ATTORNEY GENERAL

501 WASHINGTON AVENUE
MONTGOMERY, AL 36130
(334) 242-7300
ALABAMAAG.GOV

February 8, 2024

David J. Smith
Clerk of Court
U.S. Court of Appeals for the 11th Circuit
56 Forsyth St., N.W.
Atlanta, Georgia 30303

**Filed via CM/ECF**

  Re: Response to EPA's Rule 28(j) Citation of *Hunt Refining Co. v. EPA*, No. 22-11617 ("*Hunt*") as Supplemental Authority in *Alabama, et al. v. U.S. EPA*, Case No. 23-11173

Dear Mr. Smith:

  Contrary to Respondent's assertion, this Court's analysis in *Hunt* confirms venue in this case is only appropriate in this Court. In fact, the Court goes to lengths to distinguish disapprovals of State Implementation Plans ("SIPs")—the exact action at issue here—from the hardship exemptions addressed in *Hunt*. *See* slip op. 10 ("SIP disapprovals were locally or regionally applicable," "EPA had not shown that the SIP disapprovals had nationwide scope or effect," and "this case do[es] not involve SIP approvals or disapprovals").

  EPA's *Hunt* denial was deemed nationally applicable because "EPA did not base its denials on refinery-specific circumstances," rather EPA's determination was "applicable to all small refineries no matter their location." *Id.* 8-9. But EPA itself agrees the opposite is true here. *See* 88 Fed. Reg. 9,336, 9,354 (Feb. 13, 2023) ("each individual state's submission w[as] evaluated on [its] own merits"). Accordingly, EPA's Alabama SIP disapproval was "locally or regionally applicable because…[it] regulated [an] individual state[]" and was "plainly based on a number of intensely factual determinations unique" to Alabama. Slip op. 10; *see* Pet'rs' Br. 54-60. For EPA to claim its disapproval here was "based on non-state-specific determinations" is disingenuous. *Compare* 88 Fed. Reg. at 9,355-61 (discussing each state's SIP

individually and relying on state-specific proposed disapprovals), *with* slip op. 9 (EPA did "*not* mak[e] individualized determinations" in its denial action).

And, while EPA claims it applied a consistent framework in analyzing SIPs, that does not mean its disapproval was based on a *determination* of nationwide scope or effect. *See* Pet'rs' Reply Br. 21-24. Indeed, unlike *Hunt*, EPA's 4-step framework is **not** a "new statutory interpretation," slip op. 8, but is simply guidance available to states. *See* 88 Fed. Reg. at 9,340 ("states may…establish alternative approaches").

Finally, despite Respondents' concerns, the Fourth, Fifth, Sixth and Eighth Circuits have already determined venue for similar challenges lies in the local circuit. *See* Pet'rs' Br. 55-56; *Missouri v. EPA*, No. 23-1719, Doc. 5281126 (8th Cir. May 26, 2023); *West Virginia v. EPA*, No. 23-1418, Doc. 51 (4th Cir. Jan. 10, 2024); *cf.* slip. op 11 (aligning with other circuits' venue decisions).

                Respectfully submitted,

                STEVE MARSHALL
                ATTORNEY GENERAL

                /s/ Robert D. Tambling
                Robert D. Tambling (TAM001)
                *Assistant Attorney General*

                /s/ Lindsay S. Dawson Barton
                Lindsay S. Dawson Barton (DAW017)
                *Assistant Attorney General*

                /s/ Steven Shawn Sibley
                Steven Shawn Sibley (SIB002)
                *Deputy Attorney General*

**ADDRESS OF COUNSEL:**
Office of the Attorney General
501 Washington Avenue
Montgomery, Alabama 36130-0152
Telephone: (334) 242-7300
Fax: (334) 242-2848
E-Mail: Robert.Tambling@AlabamaAG.gov

                                              /s/ Paul Christian Sasser, Jr.
                                              Paul Christian Sasser, Jr.
                                              *Assistant Attorney General*

**ADDRESS OF COUNSEL:**
Alabama Department of Environmental Management
Office of General Counsel
P.O. Box 301463
Montgomery, Alabama 36130-1463
Phone: (334) 271-7855
Fax: (334) 260-4544
Email: pcsasser@adem.alabama.gov

                                              s/ C. Grady Moore III
                                              C. Grady Moore III
                                              Claire B. Johnson
                                              BALCH & BINGHAM LLP
                                              1901 6th Ave. N., Ste. 1500
                                              Birmingham, Alabama 35203
                                              205-251-8100
                                              gmoore@balch.com

                                              *Counsel for Alabama Power Company and PowerSouth Energy Cooperative*

# CERTIFICATE OF COMPLIANCE

The undersigned counsel states that this letter complies with Fed. R. App. P. 28(j) because the body of the letter does not exceed 350 words.

Dated: February 8, 2024

/s/ C. Grady Moore III
C. Grady Moore III
*Counsel for Alabama Power Company and PowerSouth Energy Cooperative*

/s/ Robert D. Tambling
Robert D. Tambling (TAM001)
*Assistant Attorney General*

# CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of February 2024, I have filed the foregoing letter using the Court's CM/ECF system, which will electronically serve all counsel of record registered to use the CM/ECF system.

/s/ C. Grady Moore III
C. Grady Moore III
*Counsel for Alabama Power Company and PowerSouth Energy Cooperative*

/s/ Robert D. Tambling
Robert D. Tambling (TAM001)
*Assistant Attorney General*