

**STATE OF ALABAMA**
**OFFICE OF THE ATTORNEY GENERAL**

STEVE MARSHALL
ATTORNEY GENERAL

501 WASHINGTON AVENUE
MONTGOMERY, AL 36130
(334) 242-7300
ALABAMAAG.GOV

March 8, 2024

<u>FILED VIA CM/ECF</u>
David J. Smith
Clerk of Court
U.S. Court of Appeals for the 11th Circuit
56 Forsyth St., N.W.
Atlanta, Georgia 30303

  **Re: Response to EPA's Rule 28(j) Citation of** *Oklahoma v. U.S. EPA*, **No. 23-9514 (10th Cir. Feb. 27, 2024) as Supplemental Authority in** *Alabama, et al. v. U.S. EPA*, **No. 23-11173**

Dear Mr. Smith:

  This Court should reject the application of §7607(b)(1) found in *Oklahoma*. The Tenth Circuit errs by conflating the relevant EPA *action* with EPA's omnibus federal register *notice*. While Petitioners agree that the nature of EPA's administrative action, not the petition, controls whether that action is nationally or regionally applicable, slip op. 11; *Hunt Refining Co. v. EPA*, 90 F.4th 1107, 1110 (11th Cir. 2024), the action here is only EPA's disapproval of the Alabama SIP. Under the Clean Air Act, EPA is required to, and did, act on each state's SIP *independent* of its determination as to any other state's SIP. 42 U.S.C. §7410(k); 88 Fed. Reg. 9,336, 9,354-61 (Feb. 13, 2023). EPA's decision to publish its separate reviews in a single notice does not override the statutory requirement. The Tenth Circuit's opinion fails to recognize that EPA sometimes combines distinct actions into single federal register notices. *See* Pet'rs' Reply Br. 21 n.5. Instead, the panel empowers EPA to eschew Congress's design for regional circuit review simply by packaging separate actions into one notice. Nothing in the "plain text" of §7607(b)(1) authorizes EPA to dictate venue in this way.

  The panel emphasizes the scope of the petition is not controlling but looks outside the nature of the discrete EPA action taken and considers EPA's policy

approach—this is inconsistent with the court's own venue standard. *See* slip op. 12-14. Additionally, Judge Moritz cites *Hunt* to support her opinion yet ignores that this Court specifically distinguished the action at issue in *Hunt* from SIP approvals and disapprovals. Slip op. 13-14; 90 F.4th at 1111-12. This distinction is critical because EPA's SIP actions were each based on state-specific factors. 88 Fed. Reg. at 9,354-61. Finally, Judge Moritz's claim that §7607(b)(1) should "centralize judicial review," slip op. 16, does not pass muster because even EPA found venue appropriate in the local circuits for each of its companion SIP *approvals*. *See* Pet'rs' Jurisdictional Question Resp. 7 n.5.

Petitioners in *Oklahoma* are seeking Supreme Court review of the Tenth Circuit's venue decision. *See Oklahoma v. EPA*, No. 23-9561, Doc. 11071730 (10th Cir. Mar. 5, 2024).

                                                 Respectfully submitted,

                                                 STEVE MARSHALL
                                                 ATTORNEY GENERAL

/s/ Robert D. Tambling
Robert D. Tambling (TAM001)
*Assistant Attorney General*

/s/ Lindsay S. Dawson Barton
Lindsay S. Dawson Barton (DAW017)
*Assistant Attorney General*

/s/ Steven Shawn Sibley
Steven Shawn Sibley (SIB002)
*Assistant Attorney General*

**ADDRESS OF COUNSEL:**
Office of the Attorney General
501 Washington Avenue
Montgomery, Alabama 36130-0152
Telephone: (334) 242-7300
Fax: (334) 242-2848
E-Mail: Robert.Tambling@AlabamaAG.gov

/s/ Paul Christian Sasser, Jr.
Paul Christian Sasser, Jr.
*Assistant Attorney General*

**ADDRESS OF COUNSEL:**
Alabama Department of Environmental Management
Office of General Counsel
P.O. Box 301463
Montgomery, Alabama 36130-1463
Phone: (334) 271-7855
Fax: (334) 260-4544
Email: pcsasser@adem.alabama.gov

                                                    s/ C. Grady Moore III
                                                    C. Grady Moore III
                                                    Claire B. Johnson
                                                    BALCH & BINGHAM LLP
                                                    1901 6th Ave. N., Ste. 1500
                                                    Birmingham, Alabama 35203
                                                    205-251-8100
                                                    gmoore@balch.com

                                                    *Counsel for Alabama Power Company and PowerSouth Energy Cooperative*

## CERTIFICATE OF COMPLIANCE

The undersigned counsel states that this letter complies with Fed. R. App. P. 28(j) because the body of the letter does not exceed 350 words.

Dated: March 8, 2024

/s/ C. Grady Moore III
C. Grady Moore III
*Counsel for Alabama Power Company and PowerSouth Energy Cooperative*

/s/ Robert D. Tambling
Robert D. Tambling (TAM001)
*Assistant Attorney General*

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of March 2024, I have filed the foregoing letter using the Court's CM/ECF system, which will electronically serve all counsel of record registered to use the CM/ECF system.

/s/ C. Grady Moore III
C. Grady Moore III
*Counsel for Alabama Power Company and PowerSouth Energy Cooperative*

/s/ Robert D. Tambling
Robert D. Tambling (TAM001)
*Assistant Attorney General*
